IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | |
|---|---|
| **XINGCAI LIAN** | * |
| 4110 Colonial Rd. | * |
| Pikesville, MD 21208 | * |
| | * |
| And | * |
| | * |
| **LIZHENG SONG** | * |
| 4110 Colonial Rd. | * |
| Pikesville, MD 21208 | * |
| | * |
| | * |
| **Plaintiffs,** | * |
| | * |
| v. | *   Civil Action No: |
| | * |
| **GREAT NEW EVERGREEN CAFE INC.** | * |
| **d/b/a EVERGREEN CAFE CHINESE FOOD** | * |
| 6618 Reisterstown Road, Ste C | * |
| Baltimore, Maryland 21215 | * |
| *Resident of Baltimore City County* | * |
| | * |
| Serve:  JOHN (First Name Unknown) XIAO, | * |
|         Owner | * |
|         4110 Colonial Rd. | * |
|         Pikesville, MD 21208 | * |
|         *Resident of Baltimore County* | * |
| | * |
| **JOHN (First Name Unknown) XIAO** | * |
| 4110 Colonial Rd. | * |
| Pikesville, MD 21208 | * |
| *Resident of Baltimore County* | * |
| | * |
| And | * |
| | * |
| **SHIQIN JIANG a/k/a JIANG SHI QIN** | * |
| 4110 Colonial Rd. | * |
| Pikesville, MD 21208 | * |
| *Resident of Baltimore County* | * |
| | * |
| **Defendants** | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

1

# COMPLAINT

Plaintiffs, Xingcai Lian ("Lian") and Lizheng Song ("Song") ( Collectively, "Plaintiffs"), by and through their attorneys, Cheng Yun & Associates, PLLC, hereby submit their Complaint against Great New Evergreen Cafe Inc. d/b/a Evergreen Cafe Chinese Food, John (First Name Unknown) Xiao ("Xiao"), and Shiqin Jiang a/k/a Jiang Shi Qin ("Jiang") (Collectively, "Defendants"), to recover unpaid wages, liquidated damages, interest, reasonable attorneys' fees and costs under Section 16(b) of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. (hereinafter, "FLSA"); and unpaid wages, interest, reasonable attorneys' fees and costs under Maryland Wage and Hour Law, Maryland Code Annotated, Labor and Employment Article §§ 3-401, *et seq*. (hereinafter, "MWHL"): and unpaid wages, treble damages, interest, reasonable attorneys' fees and costs under the Maryland Wage Payment and Collection Law, Maryland Code Annotated, Labor and Employment Article §§ 3-501, *et seq*. (hereinafter, "MWPCL"), and in support thereof, state as follows:

## INTRODUCTION AND BACKGROUND

Defendants own and operate a restaurant located at 6618 Reisterstown Rd Ste C, Baltimore, MD 21215. Defendants hired Plaintiffs to work as a cook and a kitchen aid. Defendants failed to compensate Plaintiffs for all hours worked. Defendants completed these illegal acts by not paying Plaintiffs for minimum wage, overtime for any time worked over forty (40) hours in a workweek and by failing to provide Plaintiffs notice at the time of hiring and for each pay period.

By failing to pay the Plaintiffs the minimum and overtime wages that were due, Plaintiffs allege that Defendants willfully violated well-established minimum and overtime provisions of the FLSA. Similarly, the Plaintiffs allege that the Defendants violated the minimum and

overtime wage provisions of the MWHL, and failed to pay earned wages in violation of the MWPCL. By failing to provide Plaintiffs notice at the time of hiring and for each pay period. the Plaintiffs allege that the Defendants violated the wage notice provisions of the MWPCL. In addition to actual sums owed, Plaintiffs seek liquidated (statutory) damages, pre-judgment interest and attorneys' fees and costs as provided under the FLSA, the MWHL, and the MWPCL.

## THE PARTIES

**1.** Plaintiff Xingcai Lian is a resident of Baltimore County, MD, and is an employee of Defendants at 6618 Reisterstown Rd Ste C, Baltimore, MD 21215.

**2.** Plaintiff Lizheng Song is a resident of Baltimore County, MD, and was an employee of Defendants at 6618 Reisterstown Rd Ste C, Baltimore, MD 21215.

**3. Defendant,** Great New Evergreen Cafe Inc. d/b/a Evergreen Cafe Chinese Food **(hereinafter "Evergreen Cafe") owns and operates a restaurant located at** 6618 Reisterstown Rd Ste C, Baltimore, MD 21215.

**4. Due to nature of its business, Defendant is subject to the FLSA, MWHL and the MWPCL.**

**5. Due to the amount in revenues generated, Defendant is subject to the FLSA, MWHL and the MWPCL; the Defendant's annual dollar volume of business exceeds five-hundred-thousand dollars ($500,000.00).**

**6. At all times relevant to this Complaint, Defendants engaged in interstate commerce by the nature of Defendants' business.**

**7.** Defendant Xiao was and/or is the owner, officer, director and/or managing agent of Corporate Defendant. Defendant Xiao was known to Plaintiffs as "boss".

3

8. Upon information and belief, Defendant Xiao participates in the daily operation of Corporate Defendant and has authority to make various business decisions of Corporate Defendant, including but not limited to, hiring and firing plaintiffs, deciding Plaintiffs' work schedule, set Plaintiffs' payroll.

9. Defendant Jiang was and/or is the owner, officer, director and/or managing agent of Corporate Defendant. Defendant Jiang was known to Plaintiffs as "lady boss".

10. Upon information and belief, Defendant Jiang participates in the daily operation of Corporate Defendant and has authority to make various business decisions of Corporate Defendant, including but not limited to, hiring and firing plaintiffs, deciding Plaintiffs' work schedule, set Plaintiffs' payroll.

11. **Plaintiffs worked for Defendants, who, at all times throughout Plaintiffs' employment, fell within the** purview of the term "employer" under the FLSA, 29 U.S.C. § 203(d),
MWHL § 3-401(b), and MWPCL § 3-501(b). Plaintiffs worked as non-exempt employees for Defendants.

12. At all times relevant, Plaintiffs worked as hourly employees for the Defendants.

13. At all times relevant to this Complaint, the Defendants controlled the administration of its business and set employee schedules, including that of Plaintiffs.

14. The Defendants was actively engaged in the management and direction of Plaintiffs.

15. The Defendants possessed and exercised authority to determine the hours worked by Plaintiffs.

16. The Defendants had the authority to control Plaintiffs' tasks.

17. The Defendants had the power and authority to change the nature of the duties of Plaintiffs.

18. The Defendants made all decisions relating to the rates and methods of pay of Plaintiffs.

## JURISDICTION AND VENUE

19. This Court has original jurisdiction of the FLSA action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

20. This Court has supplemental jurisdiction over the Maryland Wage and Hour Law and the Maryland Wage Payment and Collection Law claims pursuant to 28 U.S.C. § 1367(a) because said claims are so related to the FLSA claims that they form part of the same case or controversy.

21. Venue and personal jurisdiction is proper pursuant to 28 U.S.C. § 1391(b) and (c) because the events and omissions giving rise to these claims occurred within this judicial district, and all Defendants regularly conduct business in this judicial district.

## FACTUAL ALLEGATIONS FOR ALL CLAIMS

22. From approximately August 2013 to present, Plaintiff Lian works as a cook at Defendant's restaurant located at 6618 Reisterstown Rd Ste C, Baltimore, MD 21215. **Due to the pandemic of Covid-19, Defendants' restaurant was closed from March 19, 2020 to early August 2020. Plaintiff Lian therefore did not work during this period.**

23. From approximately September 2013 to approximately March 13, 2020, Plaintiff Song worked as a kitchen aid at Defendants' restaurant located at 6618 Reisterstown Rd Ste C, Baltimore, MD 21215. **Plaintiff Song took a break from Defendants' restaurant from**

5

**January 18, 2016 to March 16, 2016, from September 5, 2017 to November 7, 2017 and from May 10, 2019 to around August 12, 2019.**

24. Plaintiff Lian works six (6) days per week with Sunday off. Per workday, Plaintiff Lian works from 9:00 am to 9:00 pm without any uninterrupted break. As such, Plaintiff Lian works total of seventy-two (72) hours per week.

25. Regardless of Plaintiff Lian's hours worked, he was paid a flat monthly rate: $2800 in cash per month from around August 2013 to in or around 2015; $3400 in cash per month from in or around 2016 to present.

26. Plaintiff Song worked six (6) days per week with Sunday off. Per workday, Plaintiff Song worked from 9:00 am to 9:00 pm without any uninterrupted break. As such, Plaintiff Song worked total of seventy-two (72) hours per week.

27. Regardless of Plaintiff Lian's hours worked, he was paid a flat monthly rate: $2600 in cash per month from around August 2013 to in or around 2015; $3000 in cash per month from in or around 2016 to March 13, 2020.

28. Plaintiffs were not required to utilize any means of recording or verifying their hours worked (e.g. punch clock, sign-in sheet, fingerprint or ID scanner).

29. Defendants did not compensate Plaintiffs for minimum compensation according to state laws.

30. Defendants did not compensate Plaintiffs for overtime compensation according to state and federal laws.

31. Defendants committed the following alleged acts knowingly, intentionally and willfully.

32. Plaintiffs were not exempt under the FLSA's overtime compensation requirements, and were not exempt from the MWHL's minimum and overtime wage requirements.

33. Plaintiffs did not have the authority to produce schedules for other employees.

34. Plaintiffs did not take part in the process of interviewing prospective employees.

35. Plaintiffs had no discretion in the performance of their duties.

36. Plaintiffs exercised no control, nor did they have the authority to do so, over Defendants' management policies.

37. Plaintiffs exercised no independent judgment over matters of significance.

38. For the duration of their employment, Plaintiffs performed no analysis.

39. Plaintiffs did not supervise other employees.

40. Plaintiffs did not have the authority to hire or fire other employees.

41. Plaintiffs did not interpret any information.

42. Plaintiffs did not write any reports.

43. Plaintiffs made no recommendations.

44. Plaintiffs had no discretion in performing any of their assigned tasks.

45. Plaintiffs satisfied the requirements of their job and adequately performed their duties to benefit Defendant, as well as Defendants' customers.

**STATEMENT OF CLAIM**

**COUNT I**
**[Violations of the MWHL—Failure to Pay Minimum Wage]**

46. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

47. Pursuant to Maryland Labor and Employment Code Ann. § 3-413(b), each employer shall pay to each employee at least the greater of either the minimum wage for that employee under the federal Act or the State minimum wage set under subsection (c) of this section. Pursuant to Maryland Labor and Employment Code Ann. § 3-413(c), the State minimum wage rate is (i) for the 12-month period beginning July 1, 2017, $9.25 pe hour; (ii) for the 18-month period beginning July 1, 2018, $10.10 pe hour; (iii) for the 12-month period beginning January 1, 2020, $11.00 pe hour.

48. From 2018 to 2020, Plaintiffs have not received compensation from the Defendants reflecting the prescribed minimum wage rate.

49. The Defendants willfully and intentionally did not compensate Plaintiffs for the minimum wages they were owed.

50. Under MWHL, Plaintiffs are entitled to minimum wages from the Defendants.

## COUNT II
### [Violations of the MWPCL — Failure to Pay Minimum Wages]

51. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

52. Plaintiffs are entitled to wages under the Maryland Wage Payment Collection Act, Labor and Employment §§3-501 *et. seq.,* which provides that each employer shall pay an employee all wages due for work that the employee performed before the end of employment, on or before the day on which the employee would have otherwise been paid the wages. Plaintiffs have not received compensation from the Defendants reflecting the prescribed minimum wage rate from 2018 to 2020.

53. Plaintiffs have not received compensation from Defendants for all wages owed for work performed before the termination of their employment in accordance with §3-505(a).

This is specific to Defendants' failure to pay Plaintiff minimum wages during the period of 2018 through 2020.

54. The Defendants willfully and intentionally did not compensate Plaintiffs for the wages owed to them and continued to violate the MWPCL.

55. Under the MWPCL, there is no bona fide dispute that Plaintiffs are owed wages for work performed while employed by the Defendant.

**COUNT III**
**[Violations of the Fair Labor Standards Act—Failure to Pay Overtime Wage]**

56. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

57. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

58. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

59. Defendants' failure to pay Plaintiffs their overtime compensations violated the FLSA.

60. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs for all hours worked in excess of forty (40) hours per workweek, which violated and

continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

61. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

62. Defendants willfully failed to notify Plaintiff of the requirements of the employment laws in order to facilitate their exploitation of Plaintiffs' labor.

63. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs.

## COUNT IV
### [Violations of the MWHL — Failure to Pay Overtime Wages]

64. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

65. Pursuant to Maryland Labor and Employment Code Ann. § 3-415, each employer shall pay an overtime wage of at least one and one half (1.5) times the regular hourly rate; furthermore, pursuant to Maryland Labor and Employment Code Ann. § 3-420(a), an employer shall compute the wage for overtime under § 3-415 on the basis of each hour over forty (40) that an employee works during one (1) workweek.

66. Plaintiffs have not received compensation from the Defendants reflecting the prescribed overtime wage rate for hours worked in excess of forty (40) in a week.

67. The Defendants willfully and intentionally did not compensate Plaintiffs for the overtime wages they were owed. There is no bona fide dispute that Plaintiffs are owed overtime wages for work performed for the Defendants.

68. Under MWHL, Plaintiffs are entitled to additional wages from the Defendants for all overtime hours worked at a rate of one and one-half (1.5) times Plaintiffs' regular hourly wage rate.

## COUNT V
### [Violations of the MWPCL — Failure to Pay Overtime Wages]

69. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

70. Plaintiffs are entitled to wages under the Maryland Wage Payment Collection Act, Labor and Employment §§3-501 *et. seq.,* which provides that each employer shall pay an employee all wages due for work that the employee performed before the end of employment, on or before the day on which the employee would have otherwise been paid the wages. Plaintiffs have not received compensation from the Defendants reflecting the prescribed overtime wage rate for hours worked in excess of forty (40) in a week.

71. Plaintiffs have not received compensation from Defendants for all wages owed for work performed before the termination of his employment in accordance with §3-505(a). This is specific to Defendants' failure to pay Plaintiff overtime for all hours worked over forty (40) in a workweek.

72. The Defendants willfully and intentionally did not compensate Plaintiffs for the wages owed to them and continued to violate the MWPCL.

73. Under the MWPCL, there is no bona fide dispute that Plaintiffs are owed wages for work performed while employed by the Defendant.

## COUNT VI
### [Violations of the MWPCL — Failure to Give Wage Notice
### at the Time of Hiring and for Each Pay Period]

74.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

**75.**     Pursuant to MWPCL§3-504 (a), at the time of hearing, employees are entitled to a wage notice of the rate of pay of the employee, the regular paydays that the employee sets, and leave benefits; for each pay period, employees are entitled to a statement of the gross earning of the employee and deductions from those earnings; and at least 1 days period in advance, notice of any change in a payday or wage.

76.     At all relevant times, Defendants had never given plaintiffs the notices as required in MWPCL§3-504 (a).

77.     The Defendants willfully and intentionally did not give Plaintiffs the required notices and continued to violate the MWPCL.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this court enter a judgment providing the following relief:

a)     A declaratory judgment that the practices complained of herein are unlawful under FLSA, MWHL, and MWPCL;

b)     An injunction against Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

c)     An award against Defendants for the amount of unpaid minimum wages owed to Plaintiffs pursuant to MWHL, and MWPCL

d)     An award against Defendants for the amount of unpaid overtime wages owed, calculated at a rate that is not less than one and a half (1.5) times

Plaintiffs' regular hourly rate for all overtime hours worked, to Plaintiffs pursuant to FLSA, MWHL, and MWPCL;

e)   An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to FLSA, MWHL, and MWPCL;

f)   An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to FLSA, MWHL, and MWPCL;

g)   The cost and disbursements of this action pursuant to FLSA, MWHL, and MWPCL;

h)   An award of prejudgment and post-judgment fees pursuant to FLSA, MWHL, and MWPCL;

i)   Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

                Respectfully submitted,

Dated: Alexandria, VA, September 9, 2020   CHENG YUN LAW PLLC

_____
Shaoming Cheng, Esq.
Bar Number: 18630
6088 Franconia Road, Suite D
Alexandria, VA 22310
Tel: 703.887.6786
Fax: 888.510.6158
jcheng@chengyunlaw.com
*Attorneys for Plaintiffs*